

1  ANS
T. LOUIS PALAZZO, ESQ.
2  Nevada Bar No. 4128
PALAZZO LAW FIRM
3  A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
4  Las Vegas, Nevada 89101
Tele: (702) 385-3850
5  Fax:  (702) 385-3855
*Attorney for Claimant Michael Simard*

### UNITED STATES DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.:   2:09-CV-86-KJD(GWF) |
| Plaintiff, | |
| vs., | **ANSWER BY CLAIMANT MICHAEL SIMARD** |
| $999,830.00 IN UNITED STATES CURRENCY | [DEMAND FOR JURY TRIAL] |
| Defendants. | |

**TO THE SPECIAL ASSISTANT UNITED STATES ATTORNEY DANIEL D. HOLLINGSWORTH AND THE CLERK OF THE COURT:**

COMES NOW THE answering claimant MICHAEL SIMARD to the complaint filed in this in rem action. The claimant files his response to each allegation in the complaint pursuant to Federal Rule of Civil Procedure 8(d).

Paragraph 1: Claimant admits.

Paragraph 2: Claimant admits.

Paragraph 3: Claimant admits.

Paragraph 4: Claimant admits.

Paragraph 5: Claimant admits that on or about August 7, 2008, $999,380.00 in United States Currency was seized from Claimant by NHP Officer while on I-15. As to remaining allegations, Claimant is without sufficient knowledge or information to admit or deny such allegations, and therefore denies the whole thereof.

Paragraph 6: Claimant is without sufficient knowledge or information to admit or deny such allegations, and therefore denies the whole thereof.

1   Paragraph 7: Claimant admits he filed a claim on or about October 18, 2008. As to the
2   remaining allegations, Claimant is without sufficient knowledge or information to admit or
3   deny such allegations, and therefore denies the whole thereof.
4   Paragraph 8: Claimant admits.
5   Paragraph 9: Claimant admits that on August 7, 2008 at approximately 10:44 p.m.
6   NHP Sergeant Eric Kemmer, was on patrol. Claimant denies the allegations that Claimant was
7   exceeding the speed limit. As to the remaining allegations, Claimant is without sufficient
8   knowledge or information to admit or deny such allegations, and therefore denies the whole
9   thereof
10  Paragraph 10: Claimant admits that on August 7, 2008 at approximately 10:44 p.m.,
11  NHP Sergeant Kemmer initiated a traffic stop and Claimant identified himself with a British
12  Columbia, Canada drivers license as Michael Andrew Simard. As to the remaining
13  allegations, Claimant is without sufficient knowledge or information to admit or deny such
14  allegations, and therefore denies the whole thereof.
15  Paragraph 11: It is Claimant's belief such events surrounding the stop were captured
16  on audio/video tape, therefore such tape speaks for itself thus requiring no answer. To the
17  extent any further answer is required, Claimant hereby denies such remaining allegations.
18  Paragraph 12: Claimant is without sufficient knowledge or information to admit such
19  allegations as to what NHP Sergeant Kemmer claims to have observed, and therefore denies
    the whole thereof.
20  Paragraph 13: Claimant denies such allegations.
21  Paragraph 14: It is Claimant's belief such events surrounding the stop were captured
22  on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the
23  extent any further answer is required, Claimant hereby denies such remaining allegations.
24  Paragraph 15: It is Claimant's belief such events surrounding the stop were captured
25  on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the
26  extent any further answer is required, Claimant hereby denies such remaining allegations.
27  Paragraph 16: Claimant admits that he flew from Canada to New Jersey and later
28  traveled to St. Louis, Missouri. Claimant is without sufficient knowledge or information to

admit such allegations as to NHP Sergeant Kemmer's feelings and therefore denies the remaining allegations. It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 17: Claimant is without sufficient knowledge or information to admit such allegations regarding Sergeant Kemmer's feelings and therefore denies such allegations.

Paragraph 18: It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 19: It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 20: It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 21: It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 22: It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 23: Claimant is without sufficient knowledge or information to admit or deny such allegations, and therefore denies the whole thereof.

Paragraph 24: Claimant is without sufficient knowledge or information to admit or deny such allegations, and therefore denies the whole thereof.

Paragraph 25: It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 26: It is Claimant's belief such events surrounding the stop were captured on audio/video tape, therefore, such tape speaks for itself thus requiring no answer. To the extent any further answer is required, Claimant hereby denies such remaining allegations.

Paragraph 27: Claimant denies such allegation that the United States Currency was derived from the sale of and/or was used to purchase narcotics. With regard to the remaining allegations, Claimant is without sufficient knowledge or information to admit or deny such allegations, and therefore denies the whole thereof.

Paragraph 28: Claimant admits.

Paragraph 29: Claimant repeats and realleges paragraphs 1 through 28 as though fully set forth herein by this reference.

Paragraph 30: Claimant denies such allegations.

Paragraph 31: Claimant repeats and realleges paragraphs 1 through 28 as though fully set forth herein by this reference.

Paragraph 32: The allegations call for a legal conclusion, thus requiring no answer. To the extent any further answer is required, Claimant denies such allegations.

Paragraph 33: Claimant repeats and realleges paragraphs 1 through 28 as though fully set forth herein by this reference.

Paragraph 34: The allegations call for a legal conclusion, thus requiring no answer. To the extent any further answer is required, Claimant denies such allegations.

Paragraph 35: Claimant repeats and realleges paragraphs 1 through 28 as though fully set forth herein by this reference.

Paragraph 36: The allegations call for a legal conclusion, thus requiring no answer. To the extent any further answer is required, Claimant denies such allegations.

Paragraph 37: The allegations call for a legal conclusion, thus requiring no answer. To the extent any further answer is required, Claimant denies such allegations.

Claimant reserves the right to supplement his responses as additional evidence becomes known during the course of discovery.

**AFFIRMATIVE DEFENSES**

1. Claimant is a bona fide possessor of such funds.

2. Claimant did not violate any section of Title 18 or Title 21.

3. Claimant is an innocent owner of such funds.

4. The seizure was based upon evidence and/or conducted in violation of the Fourth Amendment of the United States Constitution.

5. Claimant is entitled to Attorneys fees pursuant to statute.

I am filing this answer as provided for in Supplemental Rules for Admiralty Claims, Section Rule C(6) and have authority pursuant to the retainer agreement to execute all documents and pleading identifying my clients interest. Answering party prays that the plaintiff take nothing from its complaint and that answering party is awarded attorneys fees and costs pursuant to statute.

DATED this ___ day of March, 2009.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION

*[signature]*

T. Louis Palazzo, Esq.
Nevada Bar No. 4128
520 South Fourth Street
Las Vegas, Nevada 89101
***Attorney for Claimant Michael Simard***

CERTIFICATE OF SERVICE

It is hereby certified that on the 20th day of March, 2009, a true and correct copy of the foregoing Answer was served upon the following through the ECF filing system:

Daniel D. Hollingsworth,
Assistant United States Attorney
333 Las Vegas Boulevard
5th Floor
Las Vegas, Nevada 89101

/s/ Brandi Thompson
An Employee of Palazzo Law Firm, PC