1  **OPP**
T. LOUIS PALAZZO, ESQ.
2  Nevada Bar No. 4128
PALAZZO LAW FIRM
3  A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
4  Las Vegas, Nevada 89101
Tele: (702) 385-3850
5  Fax: (702) 385-3855

6  RONALD RICHARDS, ESQ.
California Bar No. 176246
7  LAW OFFICES OF RONALD RICHARDS
& ASSOCIATES
8  P.O. Box 11480
Beverly Hills, California 90213
9  Tele: (310) 556-1001
Fax: (310) 277-3325

10  *Attorneys for Claimant Michael Simard*

11

12                     **UNITED STATES DISTRICT COURT**

13                        **CLARK COUNTY, NEVADA**

14  UNITED STATES OF AMERICA            CASE NO.:    2:09-CV-86-KJD(GWF)

15                Plaintiff,

16      vs.,

17  $999,830.00 IN UNITED STATES
CURRENCY
18
                Defendants.
19
          **OPPOSITION BY MICHAEL SIMARD TO THE GOVERNMENT'S**
20              **MOTION TO STRIKE THE COMPLAINT**

21          Claimant, MICHAEL SIMARD, by and through his attorneys of record, T. LOUIS

22  PALAZZO, ESQUIRE, of PALAZZO LAW FIRM, A PROFESSIONAL LAW CORPORATION,

23  and RONALD RICHARDS, ESQUIRE, of the LAW OFFICES OF RONALD RICHARDS &

24  ASSOCIATES, hereby files his Opposition to the Government's Motion to Strike the Complaint.

25  / / /

26  / / /

27  / / /

/ / /
28



PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 SOUTH FOURTH STREET, SECOND FLOOR
LAS VEGAS, NEVADA 89101
TEL (702) 385-3850  FAX (702) 385-3855

1    In support of this opposition, the Court is respectfully referred to the accompanying

2  memorandum of points and authorities.

3    DATED this 17<u>th</u> day of July, 2009.

4    PALAZZO LAW FIRM
     A PROFESSIONAL LAW CORPORATION

5

6    /s/ T. Louis Palazzo, Esq.
     T. Louis Palazzo, Esq.

7    Nevada Bar No. 4128
     520 South Fourth Street

8    Las Vegas, Nevada 89101

9    LAW OFFICE OF RONALD RICHARDS &
     ASSOCIATES

10

11   /s/ Ronald Richards, Esq.
     Ronald Richards, Esq.

12   California Bar No. 176246
     P.O. Box 11480

13   Beverly Hills, California 90213

14   **_Attorneys for Claimant Michael Simard_**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

The government seeks to dispense with the tainted stop in this case and the coerced disclaimer of ownership in this case by doing an end run around the claimant's right to have a hearing on the stop, alleged consent, and seizure of the currency seized in his vehicle.

The government provides no Ninth Circuit authority to support its position and instead relies upon unpublished opinions and 8 ½ year old orders from out-of-circuit district courts; even in the case outlined in Exhibit 4 attached by the government, the district court held an evidentiary hearing.  Mr. Simard is entitled to and respectfully requests an evidentiary hearing.

The most efficient way to proceed in this case is to allow the claimant to conduct discovery, then have a suppression hearing which will encompass the standing issue now being asserted in the government's instant motion. The government cannot create its own rules by filing a motion to dismiss to preempt the suppression hearing.

### II.  MOTIONS LIKE THIS ARE DISFAVORED IN THE 9TH CIRCUIT

It is obviously a disputed fact as to whether the claimant disclaimed ownership. ( *See* Exhibit A: Simard Declaration.)  The government proffers a disclaimer which was the product of coercion, intimidation and threats and not executed under penalty of perjury.  The claimant executed a claim under penalty of perjury which was submitted to the administrative agency to the Court.  The record clearly reveals a disputed factual issue.

In *United States v. Ibrahim* 522 F.3d 1003, 1007 -1008 (2008), the claimant filed his motion for return of property under Federal Rule of Criminal Procedure 41(g). Because there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure.    *See United States v. Ritchie,* 342 F.3d 903, 906-07 (9th Cir.2003).

In *Ritchie,* the Circuit treated the government's opposition to a Rule 41(g) motion as the equivalent of a 12(b)(6) motion to dismiss. *Id.* at 907. Because the district court considered evidence outside the pleadings, however, the Court remanded so that the government's opposition could be properly converted to a Rule 56 motion for summary judgment, consistent with the Federal Rules of Civil Procedure. *Id.* at 907, 911.

1       In *Ibrahim, supra*, the district court applied *Ritchie* and held that "a factual dispute exists

2   as to whether movant had actual notice of the forfeiture proceeding," therefore "this motion

3   should be converted to a motion for summary judgment." Unlike the court in   *Ritchie*-which

4   converted the *government's* opposition into a motion for summary judgment-the district court in

5   *Ibrahim* converted *Ibrahim*'s underlying motion for return of property into a motion for summary

6   judgement. The Court held that this was error.  The district court compounded this error at the

7   next stage of proceedings. Instead of applying a summary judgment standard, it moved directly

8   to the merits of Ibrahim's claim.

9       The same ad hoc approach the government pursued in *Ibrahim* is being advocated here.

10  *Ibrahim* is clear:

11      Once the district court treated Tamer's Rule 41(g) motion as a   *civil* complaint,
    however, it was required to apply the Federal Rules of Civil Procedure. *Ritchie,*

12  342 F.3d at 907. These rules apply to each stage of the proceedings, the same way
    they would in the civil context.... The district court in this case erred because it

13  improperly converted Ibrahim's motion for return of property into a motion for
    summary judgment, and then decided the issue in an ad hoc proceeding, under a

14  preponderance of the evidence standard. *Id.* at 1008.

15      In this case, Mr. Simard is entitled to an evidentiary hearing on the merits of his case, is

16  entitled to take discovery, and is entitled to hearing on the suppression issue.  The government

17  is seeking to conduct an end-run regarding their obligation to demonstrate through competent

18  admissible evidence that the asset they are seeking to forfeit either constitutes proceeds of

19  criminal activity or facilitated or was involved in such criminal activity.  This showing has not

20  been made by the government.  It is axiomatic that civil forfeiture is an   *in rem* action brought

21  against an asset because the asset either constitutes the proceeds of criminal activity or facilitated

22  or was involved in the criminal activity.  Consequently, all assets must be linked to the criminal

23  activity in order to be forfeitable.  In this case, law enforcement seized the monies without

24  demonstrating adequate probable cause to believe the property is forfeitable.  It is long and well

25  settled that forfeitures are not favored and should be enforced only when within the letter of the

26  law.  *U.S. v. One 1936 Model Ford V-8*, 307 U.S. 219, 59 S.Ct. 861 (1939).

27      The government wants to short cut all of this and deny Mr. Simard an evidentiary hearing,

28  deny him a suppression hearing, deny him discovery and deny him the protections of Federal Rule

    of Civil Procedure 56.  The procedure the government is seeking to advance is not supported by

any post-Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") cases in the Ninth Circuit. Most if not all of the government's authority for this expedited denial of due process is based upon pre-CAFRA law and opinions outside of the 9th Circuit.

### III. MR. SIMARD IS ENTITLED TO A SUPPRESSION HEARING

As a general rule, searches and seizures violate the Fourth Amendment unless they are based on probable cause and executed pursuant to a valid search warrant. *See Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The protection against unreasonable searches and seizures extends to commercial premises, *see Tucson Woman's Clinic v. Eden,* 379 F.3d 531, 550 (9th Cir.2004), and it also applies in the context of civil forfeiture proceedings, *see One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), *U.S. v. 4,432 Mastercases of Cigarettes, More Or Less* 448 F.3d 1168, 1176 (2006).

There is no need to cite pages from volumes of cases of out-of-district authority on the subject. Mr. Simard is entitled to the above relief. The Court should defer the government's motion until after the claimant is afforded his rights outlined above.

DATED this 17th day of July, 2009.

PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION


/s/ T. Louis Palazzo, Esq.
T. Louis Palazzo, Esq.
Nevada Bar No. 4128
520 South Fourth Street
Las Vegas, Nevada 89101

LAW OFFICE OF RONALD RICHARDS &
ASSOCIATES


/s/ Ronald Richards, Esq.
Ronald Richards, Esq.
California Bar No. 176246
P.O. Box 11480
Beverly Hills, California 90213

***Attorneys for Claimant Michael Simard***

1

## **CERTIFICATE OF MAILING**

2

    It is hereby certified that on the 17 th day of July, 2009, a true and correct copy of OPPOSITION BY MICHAEL SIMARD TO THE GOVERNMENT'S MOTION TO STRIKE

3

THE COMPLAINT was served upon the following through the ECF filing system:

4

    Michael A. Humphreys
    Assistant United States Attorney

5

    333 Las Vegas Boulevard, Suite 5000
    Las Vegas, Nevada 89101

6

                  /s/ Niccole Marie Parker

7

                  An Employee of Palazzo Law Firm, PC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## DECLARATION OF MICHAEL SIMARD

I am asserting a legal right and ownership interest in the monies seized from me roadside, near Mile Marker Clark 53, Interstate 15 southbound, at Las Vegas, Nevada, during a traffic stop on or about August 7, 2008.

Several law enforcement officers arrived on scene with Nevada Highway Patrol ("NHP"), Las Vegas Metropolitan Police Department ("LVMPD"), and the United States Department of Justice, Drug Enforcement Administration ("DEA") Las Vegas, Nevada.

I was directed to sign a disclaimer form by law enforcement.

I was advised as to the phraseology and words to be included on the disclaimer form.

I felt coerced into signing the disclaimer form.

I felt threatened, in that I would be arrested, if I did not sign the disclaimer form; but that if I signed the disclaimer form I would be released.

I intend to assert my right and interest to the monies which are now being sought to be forfeited by the government in a case pending in the District of Nevada, denominated as *United States of America v. $999,830.00 In United States Currency*, case number 2:09-cv-00086-KJD-GWF.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED this  17.  day of July, 2009.

MICHAEL SIMARD