# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:09-cv-0086-KJD-GWF |
| v. | **ORDER** |
| $998,830.00 IN UNITED STATES CURRENCY, | |
|     Defendant. | |

      Presently before the Court is Plaintiff's Motion to Strike the Claim of Michael Simard (#13). Claimant filed a response in opposition (#14) to which Plaintiff replied (#15).

I. Background

      On August 7, 2008, a Nevada state highway patrol sergeant, Eric Kemmer, stopped Claimant Michael Simard ("Simard") for speeding on I-15. Simard identified himself by producing a driver's license issued in British Columbia, Canada. During the traffic stop Simard informed Kemmer that he was *en route* from St. Louis to Las Vegas driving a rental car on a sight-seeing tour. Various factors identified in Kemmer's affidavit made him reasonably suspicious of Simard's true motives.

      Simard's verbal and written consent were obtained to search the car after backup officers arrived. Inside the trunk, officers discovered a blue canvas suitcase and a blue duffel bag. One

officer ran his hand over the bag and recognized the feel of bundled currency. Upon opening the bag, officers found nearly one-million dollars of currency bundled in stacks by denomination wrapped with rubber bands.

Simard immediately denied any knowledge of the bags or the money. He also signed a statement describing the property seized by the officers as "2-blue bags containing us[sic] currency[.]" Given three choices to describe who possessed and/or legally owned the property, Simard passed over the choice stating that he was in possession of the property and the choice that described whom he held the property for. Instead, Simard circled and initialed the third choice stating "I expressly disclaim any right, title or interest in or to the above described property." He also added an optional statement: "Bags aren't mine. Money isn't mine." Simard also declined to go to the police station to investigate the situation further. Simard then left with a warning for speeding.

On January 13, 2009, the United States filed its complaint for forfeiture *in rem* against the $999,830.00 in currency found in the car Simard was driving. On March 20, 2009, Simard filed his Notice of Claim (#6) and Answer (#7) to the complaint. On June 29, 2009, the United States filed the present motion to strike Simard's claim which he has opposed. Simard now avers that he claims a "possessory, legal or equitable interest in the property" and "a legal right and ownership interest in the monies seized[.]" However, Simard has not disclosed the source of his asserted legal right and ownership interest in the property other than his possession of the money. The United States asserts that his claim must be dismissed because Simard has failed to demonstrate that he has standing.

II.  Analysis

Article III standing must be determined as a threshold matter in every federal case. State of Nevada v. Burford, 918 F.2d 854, 856 (9th Cir. 1990). In a forfeiture action, this determination turns upon whether the claimant has a sufficient interest in the property to create a case or controversy. U.S. v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1191 (9th Cir. 2004)(citing United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir. 2003)). The claimant's burden under Article III is not a heavy one; the claimant need demonstrate only a

colorable interest in the property, for example, by showing actual possession, control, title, or financial stake. Id.

Plaintiff contends that his bare assertion that he has an ownership interest in the seized property satisfies Article III's standing requirements. However, the claimant in a forfeiture action bears the burden of showing that he has an interest in the forfeited property. See United States v. $20,193.39 in U.S. Currency, 16 F.3d 344, 346 (9th Cir. 1994). Simard has not met his burden, because he has produced no persuasive evidence other than mere possession. U.S. v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1276 (10th Cir. 2008).

> "[W]here an individual claims only a possessory interest, the courts have required the claimant to provide evidence tending to support the legitimacy of the *possessory interest* alleged before the claimant will be held to have standing. . .This distinct evidentiary burden exists in possession cases because an individual who claims to merely possess property cannot be said to suffer a constitutional injury in fact if the property at issue is forfeited to the government unless that individual can evidence a legally cognizable interest in the property."

Id. Claimant has failed to provide the evidence necessary to support his allegation of a legitimate possessory interest. See U.S. v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1119 (9th Cir. 2004)(claimants have Article III standing when they provide some explanation for their possession). Instead of providing an explanation for his possession, Claimant has essentially asserted that he need not do so, because the *res* was illegally seized.[1] Thus, Claimant has not shown the constitutional standing required to contest this proceeding.

Even if Simard's opposition could be construed as a motion to suppress, the Court would deny it. Considering the factors in U.S. v. Rodriquez, 464 F.3d 1072 (9th Cir. 2006), the Court finds that Simard's consent to search and disclaimer were freely given, because Simard was not in custody and was notified in writing that he had the right to refuse consent. Simard's vague assertions as to

---

[1] However, Claimant failed to file a motion for return of property pursuant to Federal Rule of Civil Procedure 41(g) before the forfeiture proceeding was filed. Furthermore, Simard has failed to file a motion to suppress in this action.

his own state of mind are not sufficient to establish that the he was coerced into signing the consent and disclaimer.  See id. 464 F.3d at 1082.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike the Claim of Michael Simard (#13) is **GRANTED.**

DATED this 12th day of March 2010.

_____
Kent J. Dawson
United States District Judge