**MOT**
RONALD RICHARDS, ESQ.
California Bar No. 176246
LAW OFFICES OF RONALD RICHARDS
   & ASSOC., A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213
Tel: (310) 556-1001
Fax: (310) 277-3325
email: ron@ronaldrichards.com

T. LOUIS PALAZZO, ESQ.
Nevada Bar No. 4128
PALAZZO LAW FIRM
A PROFESSIONAL CORPORATION
520 South Fourth St, Second Floor
Las Vegas, Nevada 89010
Tele: (702) 385-3850
Fax: (702) 385-3855

*Attorneys for Claimant Michael Simard*

# UNITED STATES DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.: 2:09-CV-86-KJD(GWF) |
| Plaintiff, | |
| vs. | **REPLY TO GOVERNMENT'S RESPONSE TO CLAIMANT'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP 59(e) and 60(b)** |
| $999,830.00 IN UNITED STATES CURRENCY | |
| Defendants. | |

**CERTIFICATION STATEMENT**

Your undersigned hereby certifies that the instant reply is timely filed.

Claimant, MICHAEL SIMARD, by and through his attorneys of record, RONALD RICHARDS, ESQ., of the LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C., and T. LOUIS PALAZZO, ESQ., of PALAZZO LAW FIRM, A PROFESSIONAL LAW CORPORATION, hereby submits his reply to the Government's Response to Claimant's Motion for Reconsideration Pursuant to FRCP 59(e) and 60(b).

/ / /

/ / /

1   DATED this 5th day of April, 2010.

2                                          LAW OFFICES OF RONALD RICHARDS &
                                              ASSOC., A.P.C.
3

4                                           /s/ Ronald Richards, Esq.
                                           RONALD RICHARDS, ESQ.
5                                          California Bar No. 176246
                                           P.O. Box 11480
6                                          Beverly Hills, CA 90213

7                                          T. LOUIS PALAZZO, ESQ.
                                           Nevada Bar No. 4128
8                                          PALAZZO LAW FIRM
                                           A PROFESSIONAL LAW CORPORATION
9                                          520 South Fourth Street, Second Floor
                                           Las Vegas, Nevada 89101
10
                                           ***Attorneys for Claimant Michael Simard***

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

The government is seeking, without the benefit of oral argument, evidentiary hearing, or even a modicum of discovery to shut the Court house door and reap, *via* forfeiture, $999,830.00.

As they did in their motion, they cite unpublished authority and ask this Court to ignore prevailing Ninth Circuit law on the subject of standing. Both cases relied upon by the claimant forcefully demonstrate the government may not resort to illegal tactics to circumvent procedural and substantive safeguards established pursuant to C.A.F.R.A. and the judicial process normally attendant to forfeiture claims.

**II. THE GOVERNMENT INCORRECTLY URGES THE COURT TO LIMIT AN ASSESSMENT OF STANDING AT THE TIME OF SEIZURE WITHOUT ANY BINDING AUTHORITY TO SUPPORT THIS POSITION**

In *United States v. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1057 (9th Cir.1994), the claimant prevailed on summary judgment. What is critical in that case is this language:

> The government relies on Morgan's failure to explain his possessory interest in detail in his **verified claim**. *Id.* at 1057 (*emphasis supplied*).

This reference is to the claim filed on behalf of a claimant which transforms the proceedings from an administrative claim proceeding to a judicial claim proceeding under C.A.F.R.A. The Ninth Circuit appears to agree that the verified claim process can be relied upon to confer standing. In the case at bar, we have a claim by Mr. Simard opposing forfeiture and an answer plus a declaration by Mr. Simard opposing the Government's motion. Such filings by Mr. Simard constitute much more than mere possession. The government conveniently urges the Court to myopically limit the issue of standing to roadside statements nervously made at the time of the seizure in the presence of multiple law enforcement officers. This is improper and is not supported by prevailing Ninth Circuit law. It is bewildering why government counsel persists in citing and referencing unpublished district court opinions as reliable authority impacting upon the instant claim.

In *U.S. vs. $100,348.00 in U.S. Currency*, (9th Cir. 2004) 354 F.3d 1110, 1119 (*$100,348*), cited by this Court, again, the decision was reached in the context of summary judgment after the

benefit of discovery, briefing, and a hearing which established the nature of the evidence for the Court to consider in making a decision.

### III. THE GOVERNMENT IS CONFUSING OWNERSHIP VERSUS NAKED POSSESSION: A CLAIM OF OWNERSHIP CONFERS STANDING, PERIOD

Again, *U.S. v. $148,840.00 in U.S. Currency* 521 F.3d 1268, 1273 -1278 (10th Cir. 2008), was a case the court decided on summary judgment. The government does not provide any controlling authority that allows for circumvention of the standards established by C.A.F.R.A.

The *$148,840.00 Court, supra,* stated that,

> The fundamental flaw in the government's logic lies in its characterization of this forfeiture case as one of mere possession, rather than one of ownership. In the standing context, *this distinction makes all the difference.* As our sister circuits have recognized in other forfeiture cases, there is an important difference, for standing purposes, between one who claims to be the owner of property and one who claims to be a mere possessor of it. Compare *United States v. $38,570 in U.S. Currency*, 950 F.2d 1108, 1112-13 (5th Cir.1992), and *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1057-58 (9th Cir.1994), superseded by statute on other grounds, with *United States v. $321,470 in U.S. Currency*, 874 F.2d 298, 303 (5th Cir.1989). The type of interest claimed dictates the type of evidence required to establish standing. *See $191,910.00 in U.S. Currency*, 16 F.3d at 1058. The case law in this area reveals the existence of at least three relevant property interests, and the nature of proof needed to demonstrate standing turns on which of these distinct interests has been claimed. These interests include: (1) ownership interests; (2) explained, lawful possessory interests (e.g., that of a bailee); and (3) unexplained or unlawful possessory interests. *Id.* at 1057-58.

In cases in which a person has asserted an ownership interest as in the instant case as it relates to currency, courts have not required the claimant to present the type of explanatory evidence urged by the government to establish his or her standing. *See $38,570 in U.S. Currency*, 950 F.2d at 1112; *see also $191,910.00 in U.S. Currency*, 16 F.3d at 1058 ("[A] simple claim of ownership will be sufficient to create standing to challenge a forfeiture."); *cf. Rodriguez-Aguirre*, 264 F.3d at 1206 (recognizing, in a Fed.R.Crim.P. 41(e) case, that "proof of ownership, as opposed to lawful possession, is ... not required [to establish Article III standing] ... even at a later stage in the proceedings such as a summary judgment or trial"). Rather, "courts have held that an allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture." *United States v. U.S. Currency, $81,000, etc.*, 189 F.3d 28, 35 (1st Cir.1999). The required ownership interest can be demonstrated in a variety of ways, "including showings of actual possession, control, title and financial stake." *United States v. 1998 BMW "I"*

4

1  *Convertible*, 235 F.3d 397, 399 (8th Cir.2000) (*quotation omitted*); accord, *$148,840.00, supra* at 1275.

The government seeks to invite the Court to dispense with a fair application of procedural due process. Almost all of the published cases on the subject were arrived at during the summary judgment stage of the case. There is no single Ninth Circuit published case submitted which holds for the proposition that failure to assert ownership at the scene bars the claimant from ever establishing standing. For the purpose of deciding the pending motion, the Court should consider that Mr. Simard, as the claimant herein, unequivocally asserted standing by claiming ownership under oath on several occasions during the claim process, both administrative and judicial. Accordingly the parties should be permitted to proceed with discovery, thereby requiring the Government to meet its burden of establishing whether the funds at issue are subject to forfeiture as alleged.

DATED this 5th day of April, 2010.

LAW OFFICES OF RONALD RICHARDS & ASSOC., A.P.C.

/s/ Ronald Richards, Esq.
RONALD RICHARDS, ESQ.
California Bar No. 176246
P.O. Box 11480
Beverly Hills, CA 90213

T. LOUIS PALAZZO, ESQ.
Nevada Bar No. 4128
PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 South Fourth Street, Second Floor
Las Vegas, Nevada 89101

*Attorneys for Claimant Michael Simard*