# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$998,830.00 IN UNITED STATES CURRENCY,

    Defendant.

Case No. 2:09-CV-0086-KJD-GWF

**ORDER**

    Presently before the Court is Claimant Michael Simard's Motion for Reconsideration (#23). The United States filed a response in opposition (#24) to which Claimant replied (#25).

I.  Background and Procedural History

    On August 7, 2008, a Nevada state highway patrol sergeant, Eric Kemmer, stopped Claimant Michael Simard ("Simard") for speeding on I-15. Simard identified himself by producing a driver's license issued in British Columbia, Canada. During the traffic stop Simard informed Kemmer that he was *en route* from St. Louis to Las Vegas driving a rental car on a sight-seeing tour. Various factors identified in Kemmer's affidavit made him reasonably suspicious of Simard's true motives.

    Simard's verbal and written consent were obtained to search the car after backup officers arrived. Inside the trunk, officers discovered a blue canvas suitcase and a blue duffel bag. One

officer ran his hand over the bag and recognized the feel of bundled currency. Upon opening the bag, officers found nearly one-million dollars of currency bundled in stacks by denomination wrapped with rubber bands.

Simard immediately denied any knowledge of the bags or the money. He also signed a statement describing the property seized by the officers as "2-blue bags containing us[sic] currency[.]" Given three choices to describe who possessed and/or legally owned the property, Simard passed over the choice stating that he was in possession of the property and the choice that described whom he held the property for. Instead, Simard circled and initialed the third choice stating "I expressly disclaim any right, title or interest in or to the above described property." He also added an optional statement: "Bags aren't mine. Money isn't mine." Simard also declined to go to the police station to investigate the situation further. Simard then left with a warning for speeding.

On January 13, 2009, the United States filed its complaint for forfeiture *in rem* against the $999,830.00 in currency found in the car Simard was driving. On March 20, 2009, Simard filed his Notice of Claim (#6) and Answer (#7) to the complaint. On June 29, 2009, the United States filed the motion to strike Simard's claim which he opposed. Simard averred that he claims a "possessory, legal or equitable interest in the property" and "a legal right and ownership interest in the monies seized[.]" However, Simard did not disclose the source of his asserted legal right and ownership interest in the property other than his mere possession of the money. This Court found that Simard had not met his insubstantial burden in demonstrating that he had an interest in the forfeited property.

Thus, on March 12, 2010, the Court granted (#20) Plaintiff's motion to strike Michael Simard's claim. Claimant Simard then filed the present motion for reconsideration.

II. Standard for Reconsideration

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th

Cir. 1993). Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").

A Rule 59(e) motion must be filed no later than ten (10) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified ten-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001). Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See id. In this action, Claimant filed his motion for reconsideration within ten days, and the Court will consider his motion under Rule 59(e).

Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at 1263. Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "As a general rule, the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially." Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing School Dist. No. 1J., 5 F.3d at 1263). In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994). If a party simply

inadvertently failed to raise the arguments earlier, the arguments are deemed waived. See id. It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration. See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

III.  Analysis

In bringing the motion for reconsideration, though he correctly states the standard, Claimant steers clear of citing which reason under Rule 59 he brings the motion for reconsideration other than he is unhappy with the Court's initial ruling. It appears that Claimant is arguing that the Court's first order was clearly erroneous since claimant does not cite an intervening change in controlling law or newly discovered evidence.

However, Claimant's brand new argument on reconsideration, that he may be a bailee under Nevada law, must be denied, because he did not raise the issue in opposition to the United States' motion to strike. Claimant waived the argument by failing to raise it earlier. See Id.; Glavor, 879 F. Supp. at 1033. Furthermore, Claimant has never claimed to be a bailee. Despite denying knowledge or possession of the money initially, Claimant signed a sworn declaration that he asserted an ownership interest in the money. At no point has he ever declared that he was a bailee.

What Claimant would have, is that this Court, in determining standing, ignore his comments at the scene of seizure that he was both unaware of the currency in his car and that he had no legal right to that currency. Instead the Court has ruled that without an explanation of his subsequent claim of ownership, Claimant has failed to establish Article III standing. Claimant attempts the odd assertion that he is entitled to discovery before he reveal information that only he has, the source of his ownership interest in the currency. He has cited no fact for which discovery is necessary in order to establish standing. Since Claimant has failed to demonstrate that the Court's previous Order (#20) was clearly erroneous, the Court must deny his motion for reconsideration.

////

////

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Claimant Michael Simard's Motion for Reconsideration (#23) is **DENIED**.

DATED this 4TH day of March 2011.

_____
Kent J. Dawson
United States District Judge